IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TOUCHPOINT PROJECTIONS INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC.,<br><br>    Defendant. | Civil Action No. 2:24-CV-00343-JRG (LEAD CASE) |
| TOUCHPOINT PROJECTIONS INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>IMPERVA, INC.<br><br>    Defendant | Civil Action No. 2:24-CV-00345-JRG<br><br>(MEMBER CASE) |

**ANSWER  AND COUNTERCLAIMS OF DEFENDANT IMPERVA**

    Defendant Imperva, Inc. answers the Complaint filed by Touchpoint Projections, LLC ("Touchpoint") for patent infringement as follows:

**NATURE OF ACTION**

    1.    Imperva admits that Touchpoint has filed a Complaint for patent infringement under 35 U.S.C. §. 1 *et. seq.*

## THE PARTIES

2.      Imperva lacks sufficient knowledge to either admit or deny Paragraph No. 3 of Plaintiff's Complaint.

3.      Admit.

## JURISDICTION

4.      Admit.

5.      Deny.

6.      Deny.

## VENUE

7.      Deny.

8.      Admit.

## THE PATENT IN SUIT

9.      Deny.

10.      Admit.

11.      Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12.      Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13.      Deny.

## Overview Of The Technology

14.      Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

2

15.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

## The Patented Invention

17.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

19.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 19 of Plaintiff's Complaint.

20.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 20 of Plaintiff's Complaint.

21.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 23 of Plaintiff's Complaint.

24.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

25.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

28.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 28 of Plaintiff's Complaint.

29.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 29 of Plaintiff's Complaint.

30.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 30 of Plaintiff's Complaint.

31.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 31 of Plaintiff's Complaint.

**The Claims Direct To Patentable Subject Matter**

32.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 32 of Plaintiff's Complaint.

**The claims are directed to a solving an existing problem with
data communication in conventional computer networks**

33.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 33 of Plaintiff's Complaint.

34.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 34 of Plaintiff's Complaint.

35.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 35 of Plaintiff's Complaint.

4

36.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 36 of Plaintiff's Complaint.

37.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

38.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

**The claimed inventions provide unconventional technology solutions
to problems with conventional computer systems and networks**

39.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 41 of Plaintiff's Complaint.

42.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

43.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 43 of Plaintiff's Complaint.

**The claims are not directed to an abstract idea or law of nature**

44.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 44 of Plaintiff's Complaint.

45.     Imperva lacks sufficient knowledge to either admit or deny Paragraph No. 45 of Plaintiff's Complaint.

46.     Imperva lacks sufficient knowledge to either admit or deny Paragraph No. 46 of Plaintiff's Complaint.

### The claims do not prempt their field

47.     Imperva lacks sufficient knowledge to either admit or deny Paragraph No. 47 of Plaintiff's Complaint.

48.     Imperva lacks sufficient knowledge to either admit or deny Paragraph No. 48 of Plaintiff's Complaint.

49.     Imperva lacks sufficient knowledge to either admit or deny Paragraph No. 49 of Plaintiff's Complaint.

### The claim method could not be performed mentally or by hand

50.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 50 of Plaintiff's Complaint.

## DEFENDANTS ACCUSED INSTRUMENTALITIES

51.     Deny.

52.     Deny.

53.     Deny.

## FIRST CAUSE OF ACTION
### (Direct Infringement of '089 Patent)

54.     Defendant hereby repeats and reasserts its answers contained in Paragraphs 1 – 53 as set forth in this Answer.

55.     Deny

56.     Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph No. 56 of Plaintiff's Complaint.

57.     Deny.

6

58.     Deny.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny.

**SECOND CAUSE OF ACTION**
(Indirect Infringement of the '089 Patent)

64.     Defendant hereby repeats and re-asserts its answers contained in Paragraphs 1-63 as if fully set forth in this Answer.

65.     Deny.

66.     Deny.

67.     Deny.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

**JURY DEMAND**

No answer is required.

**PRAYER FOR RELIEF**

The Prayer for Relief section of the Complaint sets forth Touchpoint's requests of the Court and requires no answer.  To the extent an answer is required, Imperva denies the allegations set forth

in Touchpoint's Prayer for Relief and denies that Touchpoint is entitled to any relief whatsoever as to Imperva.

## AFFIRMATIVE DEFENSES

Defendant Imperva, Inc. ("Imperva") reserves the right to amend its Answer to Touchpoint Projections Innovations, LLC ("Touchpoint"), including by asserting any additional defenses as they become known during the course of this action. Without altering any applicable burden of proof, Imperva asserted the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Plaintiff s Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2.    One or more of the claims of the '089 Patent (the "asserted patents") is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S. C. §§ 101 *et seq.* including 35 U.S.C. §§ 102, 102, 103 and/or 112. Imperva incorporates the allegations in its forthcoming invalidity contentions.

### THIRD AFFIRMATIVE DEFENSE
### (Noninfringement)

3.    Imperva has not infringed and currently does not infringe, any valid claim of the asserted patents directly, indirectly or contributorily, by inducement, under the doctrine of equivalents, or any other manner. The Imperva products identified by Touchpoint in the Complaint, and any other Imperva products alleged to infringe, do not infringe any claim of the

asserted patents and Touchpoint has not performed any act and is not proposing to perform any action in violation of any rights validity belonging to Touchpoint .

### FOURTH AFFIRMATIVE DEFENSE
### (Exhaustion and License)

4.    Touchpoint's claims, in whole or in part, are barred by the doctrine of patent exhaustion and/or implied license.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches/Estoppel)

5.    Touchpoint's is estoped from pursing infringement allegations in this litigation, including but not limited to prosecution history estoppel from construing the claims of the asserted patents in such a way as may cover any of Imperva's products or services, in whole or in part, based on statements, representations a, and admissions made during the prosecution of the asserted patents.

6.    Touchpoint Projections Innovations, LLC is estopped from pursuing infringement allegations on this litigation under the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages and Costs)

7.    Touchpoint's claim for damages is limited under at least 35 U.S.C. §§ 286, 287, and/or 288.

8.    Touchpoint is precluded from seeking pre-suit damages due to noncompliance with the marking and actual notice requirements under 35 U.S.C. § 287(a).

9

9.     Touchpoint is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## RESERVATION OF AFFIRMATIVE DEFENSES

10.     Imperva hereby reserves the right to supplement its affirmative defenses as discovery proceeds in this case.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT
## OF NON-INFRINGEMENT AND INVALIDITY

Defendant/Counterclaim-Plaintiffs Imperva, Inc. ("Imperva") hereby counterclaim against Plaintiff/Counterclaim-Defendant Touchpoint Projections Innovations, LLC ("Touchpoint") as follows:

## THE PARTIES

1.     Imperva  is a corporation organized under the laws of the State of Delaware, having a place of business at Arboretum Plaza II, Suite 400, 9442 Capital of Texas Highway North, Austin, Texas 78759.

2.     Upon information and belief, Touchpoint Projections Innovations, LLCis a Texas limited liability company with its address at 6000 Shepherd Mount Cove, Suite #1604, Austin, Texas  78730.

**NATURE OF THE ACTION**

3.      This is a patent infringement action where Touchpoint  has sued Imperva for patent infringement of U.S. Patent No. 8,265,089 ("the '089 Patent") issued by the United States Patent and Trademark Office.

**JURISDICTION AND VENUE**

4.      Imperva counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Touchpoint  because Touchpoint  has purposely availed itself of the benefits and protections of this jurisdiction by filing the Complaint in this judicial district.

6.      Subject to Imperva's affirmative defenses and denials, venue over these counterclaims may be proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Touchpoint  brought its Complaint for infringement of the '089 Patent in this Court.

**COUNT I**

**(Declaratory Judgment of Non-Infringement of the '089 Patent)**

7.      Imperva realleges and incorporates Paragraphs 1 through 6 of these counterclaims as though fully set forth in their entirety.

8.      An actual and justiciable controversy exists between Touchpoint and Imperva as to whether the claims of the '089 Patent are infringed by Imperva.

11

9.      Imperva has not in the past, and does not now, make, use, sell, offer to sell, or import any products that infringe any valid claim of the '089 Patent, either directly or indirectly, and Imperva does not and has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the '089 Patent either literally or under the doctrine of equivalents.

10.     Accordingly, Imperva seeks a judgment declaring that it has not infringed, and is not infringing, the claims of the '089 Patent.

## COUNT II

### (Declaratory Judgment of Invalidity of the '089 Patent)

11.     Imperva realleges and incorporates Paragraphs 1 through 10 of these counterclaims as though fully set forth in their entirety.

12.     Touchpoint asserts in this action that Imperva is infringing the '089 Patent.

13.     On information and belief, the claims of the '089 Patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

a.      One or more claims of the '089 Patent are anticipated under 35 U.S.C. § 102(a) because the "invention" was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the "invention" thereof by the applicant for patent;

b.      One or more claims of the '089 Patent are anticipated under 35 U.S.C. § 102(b) because the "invention" was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

c.      One or more claims of the '089 Patent are obvious under 35 U.S.C. § 103, because the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the "invention" was made to a person having ordinary skill in the art to which said subject matter pertains;

d.      One or more claims of the '089 Patent are invalid for failing to satisfy the enablement requirement under 35 U.S.C. § 112 because the '089 Patent does not contain a written description of the "invention," and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same.

e.      One or more claims of the '089 Patent are invalid for failing to satisfy the enablement requirement under 35 U.S.C. § 112 because the '089 Patent does not contain a written description of the "invention," and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same.

14.     Accordingly, Imperva seeks a judgment declaring that the '089 Patent is invalid.

### REQUEST FOR RELIEF

Imperva  requests judgment as follows:

a.      Dismiss the Complaint against Imperva with prejudice and declare that Touchpoint takes nothing from Imperva;

b.  Judgment in favor of Imperva against Touchpoint, thereby dismissing Touchpoint's Complaint in its entirety, with prejudice, and denying Touchpoint all requested relief;

c.  Judgment in favor of Imperva against Touchpoint, thereby dismissing Touchpoint's Complaint in its entirety, with prejudice, and denying Touchpoint all requested relief;

d.  A declaration that Imperva has not infringed, either directly or indirectly, any valid claims of the asserted patents;

e.  An award to Imperva of its fees and expenses of litigation;

f.  An entry of judgment against Touchpoint for the amount of damages that Imperva proves at trial;

g.  An entry of judgment against Touchpoint for the amount of damages that Imperva proves at trial; and

h.  Award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Imperva demands a trial by jury of all issues so triable in this action.

Dated:  September 20, 2024

Respectfully submitted,


*Robert P. Hart*

Robert P. Hart
Texas Bar No. 24062399
ADDYHART P.C.
2025 Guadalupe Street, Suite 260
Austin, TX 78705
949.337.0568
robert@addyhart.com

Meredith Martin Addy
*(pro hac vice)*
**ADDYHART P.C.**
10 Glenlake Parkway, Suite 130
Atlanta, GA 30328
312.320.4300
meredith@addyhart.com

**Attorneys for Imperva**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and forgoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS of Imperva with the Clerk of Court by using the CM/ECF System, which will automatically send a notification of such filing to all registered CM/ECF users.

Dated: September 20, 2024

/s/ *Robert Hart*
Robert P. Hart
Texas Bar No. 24062399